## The Stationers' Mfg. Co. v. Louis Benjamin.

1. Master and Servant—*Servant Assumes the Ordinary Risks of the Employment.*—Where the employer uses due care in the inspection of machinery, and the employe who is familiar with the machinery is injured by such machinery, he can not recover for such injuries, which are the result of an assumed risk of the employment.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Adams County; the Hon. John C. Broady, Judge presiding. Heard in this court at the November term, 1902. Reversed, with a finding of facts. Opinion filed April 30, 1903.

Vandeventer & Woods, attorneys for appellant.

Govert, Pape & Govert, attorneys for appellee.

Mr. Justice Burroughs delivered the opinion of the court.

The appellee, Louis Benjamin, brought an action on the case in the Circuit Court of Adams County against the appellant, the Stationers' Manufacturing Company, a corporation, to recover damages for the loss of the thumb and fingers of his right hand, cut off by a paper cutting machine of appellant which he alleges he was operating at the time as an employe of appellant, with due care for his own safety. He further alleges that the reason his thumb and fingers were cut off was because said machine and the machinery driving it, were out of repair and in an unsafe condition, which condition was unknown to him before he received the injury, but was known to the appellant, or by the exercise of reasonable care, should have been known by it.

The case was tried by jury and resulted in a verdict and judgment in favor of the appellee for $3,500.

The appellant moved for a new trial, which being denied, it appeals to this court to reverse the judgment, contending for error, among other grounds, that the Circuit Court erred in not peremptorily directing a verdict in its favor as requested by it at the close of the evidence, for the appellee, and again at the close of all the evidence, as it then con-

clusively appeared that the condition of the machine and the machinery which operated it was known to the appellee before and at the time he received the injury of which he complains; and that the appellant was not negligent, as alleged, but on the contrary, kept said machine and machinery in a reasonably safe condition, and that appellee was not exercising ordinary care when he was injured, or at least his injuries were the result of an assumed risk.

The evidence shows that the appellee was twenty-seven years old when he was injured, and had been at work then for the appellant and its predecessor for about nine years as an operator of a paper cutting machine; that he had operated the Holyoke Paper Cutting Machine that cut off his thumb and fingers for about six months before he was hurt and knew all about its construction and condition as well as any expert; that it was the appellee's duty to report to the foreman any defects that he found about said machine and machinery which affected its proper and safe operation and which appellee could not repair himself; that appellee never complained to or notified the foreman of appellant that said machine or the machinery operating it was out of repair or was in an unsafe condition; that the foreman of the appellant fairly observed the working of said machine and the machinery and could tell by the sound they made when running whether they were in a proper and safe condition; that on the morning of the 10th of July, 1901, about an hour before the appellee received his injury, the foreman of the appellant looked at said machine and machinery while the appellee was operating it, heard the sound they made, from which it appeared that they were working properly, and that they were carefully inspected just after the appellee received his injury and found to be in a proper and safe condition.

Therefore, it was error for the trial court to refuse to peremptorily direct a verdict for the appellant as requested by it, for which we will reverse the judgment and direct the clerk to enter as part of the judgment of this court, the

following: " And the court finds that the appellant was not guilty of the negligence charged in the declaration, and that the appellee knew the condition of the machinery before and at the time he was injured, at which time he was not in the exercise of ordinary care for his safety."